THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00230

| | |
|---|---|
| Trish Vavrina, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Ann B. Gonzalez, and Daniel Gonzalez, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion. For reasons explained below, Plaintiff's Complaint is **DISMISSED**.

## I. Background

Plaintiff Trish Vavrina (Vavrina) allegedly was injured while inspecting Defendants Daniel and Ann Gonzalez's home prior to entering into a lease. While inspecting the garage, Plaintiff experienced an "electromagnetic shock" that disabled her phone, damaged her vehicle, and shocked her person. Plaintiff notified Defendants, through their real estate agent, that she would not enter into the lease due to the failed inspection, and she demanded that Defendants return her $4,500 deposit.

Plaintiff originally filed her complaint in the U.S. District Court for the Northern District of Ohio, and venue was properly transferred to this Court. 28 U.S.C. § 1406(a). Vavrina alleges that this Court has subject-matter jurisdiction under 42 U.S.C. § 1983. She seeks damages based on assault, battery, loss of time, loss of income, property damage, inability to gain residency in Mecklenburg County, inability to vote in the November 2009 elections, and failure of the Charlotte Mecklenburg Police Department to file a report due to unsafe home conditions.

## II. Discussion

District courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Civil Rights Act imposes liability on anyone who, under color of state law, deprives a person "[o]f any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1996). If Plaintiff establishes the three elements, then this Court can have subject-matter jurisdiction. *Id.*

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1193 (2010). If this Court does not have subject-matter jurisdiction, then the claim must be dismissed.

This Court does not have subject-matter jurisdiction because Plaintiff did not establish the three elements of § 1983. Vavrina established the first element by pleading that she lost voting rights when she could not obtain housing. She established the second element by naming the Gonzalezs as defendants. Plaintiff did not, however, establish that Defendants were acting under the "color of state law." The Gonzalezs are private homeowners, not state actors. Plaintiff has only established two of the three elements required for a § 1983 action. Thus, this Court does not have subject-matter jurisdiction over her claim, and Plaintiff's Complaint is **DISMISSES.**

Signed: June 4, 2010

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge